People v Williams (2024 NY Slip Op 00568)

People v Williams

2024 NY Slip Op 00568

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1026 KA 21-00342

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARK L. WILLIAMS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a resentence of the Monroe County Court (Douglas A. Randall, J.), rendered October 22, 2019. Defendant was resentenced upon his conviction of robbery in the first degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted in 2002 upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]), and County Court failed to impose a period of postrelease supervision (PRS) with respect to those counts as required by Penal Law § 70.45 (1). Defendant contends that, because he had served more than 17 years of his original 25-year sentence of imprisonment, the sentencing court violated his constitutional rights against double jeopardy and to due process by resentencing him pursuant to Correction Law § 601-d and pronouncing the relevant period of PRS. Even assuming, arguendo, that defendant's contentions do not require preservation (cf. People v Woods, 122 AD3d 1400, 1401 [4th Dept 2014], lv denied 25 NY3d 1210 [2015]; People v Smikle, 112 AD3d 1357, 1358 [4th Dept 2013], lv denied 22 NY3d 1141 [2014]; see generally People v Williams, 14 NY3d 198, 220-221 [2010], cert denied 562 US 947 [2010]), we nevertheless conclude that they lack merit.
Inasmuch as defendant had not yet completed his originally imposed sentence of imprisonment when he was resentenced, " 'his resentencing to a term including the statutorily required period of postrelease supervision did not violate the double jeopardy or due process clauses of the United States Constitution' " (People v Drake, 126 AD3d 1382, 1383 [4th Dept 2015], lv denied 26 NY3d 1144 [2016]; see People v Lingle, 16 NY3d 621, 630-633 [2011]; People v Fox, 104 AD3d 789, 789-790 [2d Dept 2013], lv denied 21 NY3d 943 [2013]; cf. Williams, 14 NY3d at 217). Defendant's reliance on cases rejected by the Court of Appeals in Lingle is misplaced (see Lingle, 16 NY3d at 632).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court